UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK L. JOHNSON,

                    Plaintiff,                         Case No. 1:05-CV-197

v.                                                     HON. DAVID W. McKEAGUE

SECOND CHANCE BODY ARMOR,
INC.; TOYOBO CO., LTD.; TOYOBO
AMERICA, INC.; et al.,

                    Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO RETRANSFER**

By order dated March 2, 2005, this putative class action was transferred to this Court from

the District Court for the Western District of Louisiana.  On April 27, 2005, the Court denied the

motion of plaintiff Patrick L. Johnson to certify the transfer order as appropriate for immediate

appeal.  Now before the Court is plaintiff's motion to retransfer the action to the Western District

of Louisiana.

Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue

previously decided at an earlier stage in the litigation.  *E.E.O.C. v. United Ass'n of Journeymen and*

*Apprentices*, 235 F.3d 244, 249 (6th Cir. 2000).  The doctrine applies with equal vigor to the

decisions of a coordinate court in the same case and to a court's own decisions.  *United States v.*

*Todd*, 920 F.2d 399, 403 (6th Cir. 1990).  The doctrine promotes judicial economy by preventing

continued litigation of settled issues.  *Id.*  The doctrine is not a binding limitation, but guides the

Court's discretion.  *E.E.O.C.*, 235 F.3d at 249.  However, a court should be loathe to revisit a prior

ruling absent extraordinary circumstances. *Todd*, 920 F.2d 403. The Sixth Circuit has recognized three justifications for revisiting a prior ruling: "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice." *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997).

Plaintiff's motion does not present extraordinary circumstances warranting reconsideration of the transfer ruling. In fact, none of the three justifications recognized by the Sixth Circuit is made out. Plaintiff has not cited an intervening change in controlling law. Nor has he presented additional evidence that was not previously before the transferor court.

Plaintiff argues that the transfer ruling was clearly erroneous and results in injustice. He argues first that the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a) was not satisfied under then governing Sixth Circuit case law. Therefore, he contends, the Western District of Michigan is not a venue in which the action could have been filed, a prerequisite to transfer under 28 U.S.C. § 1404(a).

Plaintiff's argument ignores the fact that the parties' diversity of citizenship was the second of two bases for federal subject matter jurisdiction recognized by the transferor court. The first, the basis upon which the Toyobo defendants initially removed the action and simultaneously moved to transfer it to the Western District of Michigan, was this action's "relatedness to" defendant Second Chance Body Armor's newly commenced Chapter 11 bankruptcy proceeding here in the Western District of Michigan. *See* 28 U.S.C. §§ 1334(b), 1452(a). Plaintiff has not even challenged this independent and sufficient basis for the transfer decision and has therefore failed to carry his burden of demonstrating that it is clearly erroneous.

2

Further, this failure undermines plaintiff's other arguments, *i.e.*, that the transfer otherwise results in a manifest injustice.  Plaintiff contends (1) that he was denied the opportunity for oral argument on the motion to transfer; (2) that he was denied his right to appeal the transfer order due to a communication mix-up; and (3) that this action, albeit "related to" the Second Chance bankruptcy case, is not sufficiently related to warrant transfer.  These arguments, viewed alone or collectively, simply do not amount to extraordinary circumstances and do not hint at a manifest justice.

The third argument appears to have been considered and rejected by the transferor court.  Plaintiff's continuing disagreement with the transferor court, without more, is no basis to revisit the issue.  Moreover, considering plaintiff's failure to refute the facial appropriateness of transfer due to this action's relatedness to a pending bankruptcy case, he can hardly be deemed to have been materially prejudiced by the denial of oral arguments or by the inadvertent loss of his right of direct appeal.

Accordingly, the Court concludes, in the exercise of its discretion, that the law of the case doctrine precludes revisitation of the transfer decision.  Plaintiff's motion to retransfer is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: May 31, 2005                                      /s/   David W. McKeague
                                                          DAVID W. McKEAGUE
                                                          UNITED STATES DISTRICT JUDGE

3